[Cite as *State v. Zhang*, 2016-Ohio-975.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No. WD-15-018

       Appellee                                   Trial Court No. 2013CR0465

v.

Hui Zhang                                              **DECISION AND JUDGMENT**

       Appellant                                 Decided: March 11, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Gwen Howe-Gebers,
David T. Harold, and Martha S. Schultes, Assistant Prosecuting Attorneys,
for appellee.

Eric Allen Marks, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Following a jury verdict, defendant-appellant, Hui Zhang, appeals the

December 11, 2014 judgment of the Wood County Court of Common Pleas, convicting

her of kidnapping and robbery. For the reasons that follow, we affirm the trial court's

judgment.

# I.  BACKGROUND

{¶ 2} Hui Zhang was born in Beijing China.  She came to the United States in 2009 to attend the University of Toledo, where she obtained her accounting degree in 2013.  She married a U.S. citizen in 2011.  Through her husband, Zhang met Brittany Long.

{¶ 3} Zhang and Brittany purportedly made plans to go to Cedar Point on August 17, 2013.  The day before their trip, Zhang posted a public message on QQ, an internet chat site used by Chinese students, asking if anyone wanted to join her on the Cedar Point trip.  Kun Liu responded that he wanted to go, and they made arrangements for Zhang to pick him up at 9:00 a.m.

{¶ 4} The morning of the trip, Brittany and her brother, Blake Long, picked up Zhang in Brittany's car.  They then picked up Liu.  After picking up Liu, they picked up Nicholas Martinez.  Instead of going to Cedar Point, Brittany drove to Bowling Green, Ohio, to a house that Blake and Martinez had been hired to paint.  Martinez, the Longs, and Zhang went inside.  Sensing that something was not right, Liu sent his GPS location to one of his friends.  He was then summoned into the house.

{¶ 5} Once inside, Martinez pulled out a knife and told Liu to hand over his cell phone and wallet.  He was ordered into the basement.  Liu's debit card was taken from his wallet, and Zhang told him to give her the pin number.  Liu complied.  Brittany and Zhang took the debit card and left the house.  Using the debit card, they bought cigarettes

2.

from a carryout and withdrew $220.00 from an ATM.  Brittany and Zhang returned to the basement of the house.  Martinez next left and made purchases with the debit card.

{¶ 6} While still in the basement, Liu's cell phone repeatedly rang.  Zhang told him to answer the phone and to tell the caller that he was fine and that he would not be back that night.  They soon realized that Zhang had sent a message indicating that something was wrong and attaching the map.  The group decided to leave the house and head to Toledo.  They stopped for gas and beer, again using Liu's debit card.  Martinez sat in the back seat next to Liu, the knife still in hand.  They took Liu to the Econo Lodge motel in Holland, Ohio.  Brittany used Liu's debit card to pay for a room.

{¶ 7} Martinez, the Longs, and Zhang took turns running errands, usually in pairs. For the most part, these errands were recorded by video surveillance.  Brittany and Zhang went to Dollar General to buy phones and drugs.  The phones didn't work, so Blake and Zhang went to a Wal-mart to buy new ones.  Once back in the room, Brittany and Blake used cocaine and Martinez smoked marijuana.   Later, Brittany and Martinez left.  During that time, Zhang apparently told Liu that she, too, had been kidnapped, and that she was afraid they would be killed.

{¶ 8} Eventually, Liu was told to call his mother.  Zhang instructed him in Chinese as to what to say.  Liu told his mother that he had been kidnapped and was being held for ransom.  His mother began to cry.  Zhang spoke to her in Chinese and told her that if she did not pay $200,000, they would kill Liu.  Liu's mother said that she did not have that much money.  The call ended because the cell phone ran out of battery.

3.

{¶ 9} Their ransom attempt having failed and concluding that there was nothing left to do, Brittany dropped Liu and Zhang off on the side of the road near Liu's home. Liu went to the police department with an interpreter, the uncle of one of his friends, and reported the day's events to Detective Scott Klieber. With the interpreter's help, Liu also signed a sworn statement. Using that information, Detective Klieber's investigation produced Martinez, the Longs, and Zhang as suspects. All were interviewed and eventually charged with kidnapping, a violation of R.C. 2905.01(B)(2) and (C)(1), and aggravated robbery, a violation of R.C. 2911.01(A)(1) and (C).

{¶ 10} Martinez and the Longs struck agreements with the state in which they pled guilty to the lesser offense of abduction in exchange for their testimony against any co-defendant who went to trial. Each was sentenced to 36 months in prison. The charges against Zhang were tried to a jury beginning December 1, 2014. She was convicted of kidnapping, and of the lesser-included offense of robbery. The trial court sentenced her to six years' imprisonment on each count, to be served concurrently. Zhang appealed and assigns the following errors for our review:

**FIRST ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A JURY INSTRUCTION OF DURESS AS AN AFFIRMATIVE DEFENSE[.]

4.

**SECOND ASSIGNMENT OF ERROR**

APPELLANT WAS DENIED HER RIGHT TO EFFECTIVE COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION[.]

## II.  LAW AND ANALYSIS

{¶ 11} The state's theory at trial was that Zhang masterminded the plot to kidnap Liu and hold him for ransom because she was indebted to numerous casinos for hundreds of thousands of dollars.  Martinez and the Longs testified in the state's case-in-chief.  Brittany testified that Zhang devised the plan to kidnap Liu and that Brittany brought her brother to help.  She alleged that her brother enlisted Martinez's assistance.

{¶ 12} Zhang, on the other hand, claimed that she participated in the plot under duress.  She denied that she needed ransom money to support her gambling habit.  To the contrary, she claimed that her parents were wealthy business owners who knew of her gambling and regularly wired money to her in amounts ranging from $10,000 to $50,000 at a time.  While she had recorded losses exceeding $200,000 at area casinos, she claimed to also have winnings that she kept in a large safe at her home.  She said that she was regularly given vouchers by the casinos to keep her gambling at their establishments.

{¶ 13} Before the case was submitted to the jury, defense counsel requested a jury instruction on the affirmative defense of duress.  The trial court denied the request because (1) Zhang failed to give notice of her intent to assert the defense, and (2) there

was insufficient evidence to support the instruction. In her first assignment of error, Zhang challenges the trial court's refusal to give the requested instruction, and in her second assignment of error, she contends that she was denied effective assistance of counsel based on her attorney's failure to provide notice of intent to assert duress as an affirmative defense.

### A. First Assignment of Error: The Trial Court's Refusal to Instruct the Jury on the Affirmative Defense of Duress.

{¶ 14} A trial court's instruction to the jury must present a "correct, pertinent statement of the law that is appropriate to the facts." *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 46. "We review a trial court's refusal to give a requested jury instruction under an abuse of discretion standard." (Citations omitted.) *State v. Clark*, 6th Dist. Fulton No. F-10-025, 2011-Ohio-6310, ¶ 30. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 (1983).

{¶ 15} The trial court's first reason for denying Zhang's request for a jury instruction on duress was her failure to provide pretrial notice of her intent to assert the defense. Zhang contends—and the state agrees—that pretrial notice was not required. As the state explains, "[t]he only affirmative defense that specifically states that pre-trial notice is required is alibi. See Crim.R. 12.1." We find that the trial court's refusal to provide the instruction on this basis was an abuse of discretion.

6.

{¶ 16} We next turn to whether sufficient evidence was presented to warrant an instruction on duress. The trial court explained its rationale for denying Zhang's request for the instruction:

> The second problem is I don't think there's sufficient evidence. The burden does shift to the defendant to prove that. And clearly from those videos she was out and about, didn't seem to have any constraint. In fact, some of the time, when she was at the ATM, there was no one with her on the videotape. There was testimony there were other times she left and no one followed her out the door. There was never any testimony that anyone threatened her with a weapon, even her own testimony. She never claimed to have been threatened by the knife. She was fearful of [Martinez] and, if you accept her testimony, she was not aware he was going to be there. But that certainly doesn't arise [sic] to the level of duress. So I'm going to deny the request for lack of sufficient evidence and lack of notice.

{¶ 17} The defense of duress requires proof of the following:

> (1) a harm due to the pressure of a human force; (2) the harm sought to be avoided was greater than, or at least equal to that sought to be prevented by the law defining the offense charged; (3) the actor reasonably believed at the moment that his act was necessary and was designed to avoid the greater harm; (4) the actor was without fault in bringing about the situation; and (5) the threatened harm was imminent, leaving no alternative

7.

by which to avoid the greater harm. *State v. Flinders,* 9th Dist. Summit No. 26024, 2012-Ohio-2882, ¶ 30.

{¶ 18} The claimed force must be immediate and continuous and must threaten grave danger during all of the time the act is being committed. *State v. Good*, 110 Ohio App. 415, 419, 165 N.E.2d 28 (10th Dist.1960). Fear of future harm is insufficient. *Id.*

{¶ 19} The Ohio Supreme Court has made clear that the defense of duress is "strictly and extremely limited in application and will probably be effective in very rare occasions." *State v. Cross*, 58 Ohio St.2d 482, 488, 391 N.E.2d 319, 323 (1979). "All the conditions must be met, and the court must find as a matter of law that the evidence is sufficient to warrant an instruction." *Id.* If unsupported by the evidence, the trial court may properly refuse to instruct the jury on duress. *Id.*

{¶ 20} Here, we agree with the trial court that Zhang did not introduce evidence sufficient to support a duress instruction. Zhang testified at trial that she "was a little bit afraid" of Brittany. On cross-examination, however, she conceded that when she was interviewed by Detective Klieber, she told him that she was not afraid of Brittany. Zhang provided no testimony to indicate that she was threatened. In fact, only Martinez had a weapon and there were various times when Martinez left the group or when Zhang left Martinez to run errands with Brittany or Blake. During those errands, Zhang was left alone for sufficient time to alert someone if she was actually in fear of harm. She never did. Given these circumstances, we find no evidence of an immediate and continuous

8.

threat of harm, and we find no abuse of discretion in the trial court's refusal to instruct the jury on the affirmative defense of duress.

{¶ 21} We find Zhang's first assignment of error not well-taken.

### B. Second Assignment of Error: Ineffective Assistance of Counsel.

{¶ 22} In her second assignment of error, Zhang contends that in the event that this court should agree with the trial court that pretrial notice of the intent to assert duress as a defense was required, then counsel was ineffective for failing to provide such notice. Because we agree with Zhang that pretrial notice of her intent to assert the affirmative defense of duress was not required, we find her second assignment of error not well-taken.

### III. CONCLUSION

{¶ 23} We find Zhang's assignments of error not well-taken and we affirm the December 11, 2014 judgment of the Wood County Court of Common Pleas. The costs of this appeal are assessed to Zhang under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.         _____
                                       JUDGE
Thomas J. Osowik, J.         

                                       _____
James D. Jensen, P.J.                        JUDGE
CONCUR.

                                       _____
                                       JUDGE

9.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.