[Cite as *State v. Hayes*, 2019-Ohio-1629.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18CA10 |
| ROSE M. HAYES | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:          Criminal appeal from the Knox County
                                                          Court of Common Pleas, Case No. CR08-
                                                          0172


JUDGMENT:                                       Affirmed


DATE OF JUDGMENT ENTRY:          April 29, 2019


APPEARANCES:


For Plaintiff-Appellee                          For Defendant-Appellant

CHARLES MCCONVILLE                     KEVIN GALL
Knox County Prosecutor                     33 West Main Street, Ste. 109
117 E. High Street. Suite 234             Newark, OH 43055
Mount Vernon, OH 43050

*Gwin, P.J.*

{¶1}    Appellant Rose M. Hayes ["Hayes"] appeals her conviction and sentence after a jury trial in the Knox County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    On August 2, 2017, the Knox County Grand Jury indicted Hayes on one count of Permitting Drug Abuse in violation of R.C. 2925.13(B), a felony of the fifth degree.

{¶3}    On September 13, 2017, Pretrial Release Officer Adam Taylor filed a Bond Violation, stating that Hayes had admitted to use of methamphetamine and heroin in violation of her bond conditions.   On September 15, 2017, the trial court again set a recognizance bond with pretrial reporting conditions.

{¶4}    On January 17, 2018, Officer Adam Taylor filed another Bond Violation, alleging violations of law by Hayes.  A warrant was issued and Hayes was arrested on February 4, 2018.

{¶5}    On February 6, 2018, a bond hearing was held and bond was established at $2,500 cash or surety with application of the 10 percent provision.  Edward Horn posted Bond on February 6, 2018.

{¶6}    A jury trial commenced on March 10, 2018.  The following evidence was presented during Hayes' jury trial.

{¶7}    In the fall of 2016, the Knox County Sheriff's Office and the Mt. Vernon Police Department combined for a joint investigation into local drug activity.  The subjects of the investigation were known by their street names as "Dot" and "B."  Information was received that Dot and B were coming from Columbus to the city of Mt. Vernon and selling

heroin and cocaine out of an apartment located at 807 North Mulberry Street, Apartment A, Mt. Vernon, Ohio.  This apartment was leased to Hayes.

{¶8}    Investigators arranged a series of drug buys from Dot and B, using confidential informants.  Four undercover drug purchases were conducted.  After the final buy on December 15, 2016, members of the Emergency Situation Unit of the Mt. Vernon Police department executed a search warrant on the apartment.

{¶9}    In the course of the investigation, law enforcement officers determined that Dot's real name is Sabian Chatman.  Officers also learned that Chatman was a Columbus gang member with an extensive criminal history.  Chatman was taken into custody, drugs were recovered in the apartment, and Rose Hayes and her brother Edward Horn were present.  Detective Craig Feeney testified that 41.71 grams of heroin belonging to Chatman were taken from inside the apartment.

{¶10}   In an interview conducted by officers, Rose Hayes admitted to living at the residence while Dot and B were selling drugs out of her apartment.  On December 15, 2016, Detective Feeney conducted a recorded interview with Hayes that was played at trial (State's Exhibit 26).  During the interview, Hayes admitted that she knew that Chatman was selling drugs from the residence, and that she knew his prices were, "60 a half, 120 a gram; 200 a ball."  In the interview, she stated that she knew he was selling "'heroin and meth."  She stated that he would come up with "quite a bit" of drugs.

{¶11}   Edward Horn, Hayes' brother who also lived at 867 N. Mulberry Street, testified that "Dot" provided drugs to them, and that he and Hayes both used drugs.  While he testified he did not like the drug activity, he admitted he did not contact the police.

{¶12} At the conclusion of the evidence, the jury returned a guilty verdict. The trial court deferred sentencing pending the completion of a Pre-sentence Investigation Report.

{¶13} On November 7, 2018, while the instant case was awaiting trial, Hayes was indicted in Knox County Case No. 17CR11-0274 for one count Of Aggravated Possession of Drugs, a felony of the fifth degree in violation of R.C. 2925.11(A), and one count of Possession of Drug Abuse Instruments, a misdemeanor of the second degree in violation of R.C. 2925.12(A). Hayes entered a plea of guilty to both counts prior to the sentencing in the case at bar.

{¶14} On April 27, 2018, the trial court sentenced Hayes on both cases. In 17CR11-0274, Hayes was sentenced to nine months imprisonment on Count One and two months imprisonment of Count 2, concurrent. In the case at bar, 17CR08-0172, the trial court sentenced Hayes to eleven months imprisonment consecutive to Case No. 17CR11-0274.

*Assignments of Error*

{¶15} Hayes presents three Assignments of Error,

{¶16} "I. THE DEFENDANT-APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶17} "II. THE DEFENDANT-APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶18} "III. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO A PRISON SENTENCE IN VIOLATION OF THE SENTENCING STATUTES."

I & II.

{¶19} In her first assignment of error, Hayes argues that there was insufficient evidence to convict her of permitting drug abuse. In her second assignment of error, Hayes contends that the jury's findings are against the manifest weight of the evidence.

**STANDARD OF APPELLATE REVIEW.**

*Sufficiency of the Evidence.*

{¶20} The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker,* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson,* 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶21} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus: *Walker,* at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney,* Oh. Sup. Ct. No. 2016-1255, 2018-Ohio-22, 2018 WL 328882 (Jan. 4, 2018), ¶19. Thus, "on review

for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus (emphasis added); *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**ISSUE FOR APPEAL**

*A. Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, "if believed, would convince the average mind of the defendant's guilt on each element of the crimes beyond a reasonable doubt."*

**{¶22}** Hayes was convicted of permitting drug abuse. R.C. 2925.13 provides, in relevant part,

(B) No person who is the owner, lessee, or occupant, or who has custody, control, or supervision, of premises or real estate, including vacant land, shall knowingly permit the premises or real estate, including vacant land, to be used for the commission of a felony drug abuse offense by another person.

**{¶23}** Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." Further, "[a] person has knowledge of circumstances when he is aware that such circumstances probably exist." Id. "Whether a person acts knowingly can only be

determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Huff*, 145 Ohio App.3d 555, 563, 763 N.E.2d 695(2001). (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *State v. McDaniel*, 2nd Dist. No. 16221, 1998 WL 214606 (May 1, 1998), *citing State v. Elliott*, 104 Ohio App.3d 812, 663 N.E.2d 412(1995).

{¶24} Hayes does not dispute the fact that Chatman was selling drugs from her home. Rather, she contends that the state did not present evidence that she was present when drugs were sold or that she had sold drugs. Further, Hayes argues that she was scared of Chatman who was a known gang member with a violent history.

{¶25} In the case at bar, evidence was presented that Hayes was the lessee of the apartment. No other names appeared on the lease. She lived there. Her brother and nephew also lived there, but were not named as lessees. The evidence established that Hayes knew Chatman was selling drugs from her apartment, she knew what kinds of drugs were being sold as well as the prices. Hayes and her brother received drugs in exchange for Chatman staying at the apartment.

{¶26} Hayes did not testify during her trial. Hayes did not request a jury instruction on the affirmative defense of duress. *State v. Cross*, 58 Ohio St.2d 482, 485, 391 N.E.2d 319 (1979). In *State v. Jones,* the Court observed,

> For a duress defense to be viable, "[t]he force and harm threatened must be in praesenti; fear of future harm is not a sound basis for the defense of duress." *State v. Hackley*, 2d Dist. Montgomery No. 11407, 1990 WL 119292, *5 (Aug. 15, 1990), *citing State v. Good*, 110 Ohio App. 415, 419, 165 N.E.2d 28 (10th Dist.

1960); *see also State v. Simes*, 8th Dist. Cuyahoga No. 103672, 2016-Ohio-7300, ¶ 40 ("Fear of future harm is not sufficient to prove the affirmative defense of duress. * * * Appellant's fear that Towns would 'make good' on his threat at some undetermined time in the future is insufficient to support a duress instruction."). "The Ohio Supreme Court has made clear that the defense of duress is 'strictly and extremely limited in application and will probably be effective in very rare occasions.' " *State v. Zhang*, 6th Dist. Wood No. WD-15-018, 2016-Ohio-975, ¶ 19, *quoting State v. Cross*, 58 Ohio St.2d 482, 488, 391 N.E.2d 319, 323 (1979) 2nd Dist. Clark No. 2018-CA-18, 2019-Ohio-239, ¶ 12. There is no such evidence in the present cause. Hayes never testified. In her statement to the police, Hayes said she was "afraid at times, because you don't know."

{¶27} Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Hayes had committed the crime of Permitting Drug Abuse.

{¶28} We hold, therefore, that the state met its burden of production regarding each element of the crime of Permitting Drug Abuse and, accordingly, there was sufficient evidence to submit the charge to the jury and to support Hayes' conviction.

*Manifest weight of the evidence.*

{¶29} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as*

*stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355; *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

\* \* \*

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶30} The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008–Ohio–1744, ¶ 31. Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the appellate court must afford substantial deference to its determinations of credibility. *Barberton v. Jenney*, 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–

Ohio–1152, at ¶ 13, citing *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).  Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer,* 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

**{¶31}**  Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"  *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983).  Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction."  Id.

ISSUE FOR APPEAL.

*B.   Whether the trial court clearly lost their way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.*

**{¶32}**  The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility.  "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence."  *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996).  Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true.  *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197

N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

{¶33} In the case at bar, the jury heard the witnesses, viewed the evidence and heard Hayes' statement to the police as well as his attorney's arguments and explanations about her actions. Thus, a rational basis exists in the record for the jury's decision.

{¶34} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Based upon the foregoing and the entire record in this matter we find Hayes's conviction is not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Hayes' guilt.

{¶35} The jury neither lost his way nor created a miscarriage of justice in convicting Hayes of Permitting Drug Abuse.

{¶36} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime for which Hayes was convicted.

**{¶37}** Hayes' First and Second Assignments of Error are overruled.

III.

**{¶38}** In her Third Assignment of Error, Hayes argues that the trial court did not properly consider and weight the seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12.

**Standard of Appellate Review.**

**{¶39}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶40}** Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

**{¶41}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing

court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

**ISSUE FOR APPEAL.**

*Whether the trial court properly imposed the prison sentence in Hayes's case.*

**(1). R.C. 2929.11 and R.C. 2929.12 and non-maximum sentences.**

**{¶42}** A trial court's imposition of a prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16; State *v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶16.

**{¶43}** In *State v. Marcum*, the Supreme Court observed,

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶ 23, 2016–Ohio–1002, 59 N.E.3d 123.

**{¶44}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶45}** R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections

(D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

**{¶46}** In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶ 11, *citing Foster* at ¶ 100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

**{¶47}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13, *see also State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi* supra at ¶ 29.

**{¶48}** Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong,* 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶49}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant*, 7th Dist. No. 04 MA 252, 2006–Ohio–1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes*, 6th Dist. No. WD–05–024, 2005–Ohio–6405, ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods*, 5th Dist. No. 05 CA 46, 2006–Ohio–1342, ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors") (citations omitted); *State v. Taylor,* 5th Dist. Richland No. 17CA29*,* 2017-Ohio-8996, ¶23.

**{¶50}** In the case at bar, the trial court had the benefit of a pre-sentence investigation report. At the time of sentencing, Hayes entered a plea in Case No. 17CR11-0274 to one count of Aggravated Possession of Drugs, a felony of the fifth degree in violation of R.C. 2925.11(A) and one count of Possession of Drug Abuse Instruments, a misdemeanor of the second degree in violation of R.C. 2925.12(A).

**{¶51}** In its entry, the court noted the circumstances of Hayes's conduct in connection with the crime "created a serious threat to the safety of the community in which the Defendant lives, and a threat to the safety of the law enforcement officers who were involved in her arrest." At the sentencing hearing the court found that Hayes had allowed a known drug dealer to move into her house and had created a risk to the neighborhood

and to law enforcement in apprehending him. (Sent. Tr. at 17-25). The court also note that Hayes committed the offense in Case No. 17CR11-0274 while awaiting trial on Case No. 17CR08-0172. (Sent. Tr. at 17:19-22). The court stated that Hayes was not amenable to community control and provided reasons. (Sent. Tr, at 16:1-18). The court noted that Hayes had been screened for treatment at the West Central Community Based Correctional Facility, but was combative with the Screener and stated that she did not need the help the CBCF could provide. (Id.) In sentencing the Defendant to prison, the trial court stated "I just don't know what else to do with you." (Id.)

### *R.C. 2929.13(B).*

**{¶52}** R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. Hayes pled guilty to two felonies of the fifth degree. In relevant part the statute provides,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii*) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.*

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department,

within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court.

Emphasis added.  R.C. 2929.13(B)(1)(b) further provides,

(b) *The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:*

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) *The offender violated a term of the conditions of bond as set by the court.*

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

Emphasis added.

{¶53} In the case at bar, Hayes was cited for two bond violations in this case while awaiting trial. Further, Hayes was indicted for two new criminal offenses in Case Number

17CR11-0172, while awaiting trial on this case.  Accordingly, the court had discretion to impose a prison term for the fifth degree felonies.

**{¶54}** Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence.  [R.C. 2929.12].  The trial court has no obligation to state reasons to support its findings.

**{¶55}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes.  The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code.  While Hayes may disagree with the weight given to these factors by the trial judge, Hayes's sentence was within the applicable statutory range  and therefore, we have no basis for concluding that it is contrary to law.

**{¶56}** Hayes has failed to clearly and convincingly show that the trial court failed to consider the principles of felony sentencing, or that the aggregate sentence is otherwise contrary to law.

**{¶57}** Hayes's Third Assignment of Error is overruled.

**{¶58}** The judgment of the Knox County Court of Common Pleas is affirmed.


By Gwin, P. J.,

Wise, John, J., and

Baldwin, J., concur