[Cite as *State v. Hamilton*, 2020-Ohio-5330.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 CA 0120 |
| RONALD K. HAMILTON | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of Common Pleas, Case No. 2018-CR-0514

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 18, 2020

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
Prosecuting Attorney
Richland County, Ohio

JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

JACEDA BLAZEF
409 Park Avenue West
Mansfield, Ohio 44906

*Hoffman, P.J.*

{¶1} Defendant-Appellant Ronald Hamilton appeals the judgment entered by the Richland County Common Pleas Court convicting him following his guilty plea to gross sexual imposition (R.C. 2907.05(B)), and sentencing him to sixty months incarceration. Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} The victim in the instant case is a seven-year-old girl, who lived near Appellant. Appellant's girlfriend and the victim's mother were best friends, and the two families were close friends as well as neighbors. The victim referred to Appellant as "Uncle Ronnie."

{¶3} Between the dates of December 10, 2017, and March 26, 2018, Appellant's daughter reported to her school something was going on with the victim in the instant case. The school and the Shelby Police Department became involved. The victim reported to law enforcement she did not like Uncle Ronnie because he played the "tickle monster game" with her, during which he licked her vaginal area.

{¶4} Appellant was indicted by the Richland County Grand Jury with rape (R.C. 2907.02(A)(1)(b)) and two counts of gross sexual imposition (R.C. 2907.05(A)(4), (B)). On October 21, 2019, Appellant pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05(B), a felony of the third degree. The remaining counts were dismissed. Following a presentence investigation and a sentencing hearing, the trial court sentenced Appellant to sixty months incarceration.

{¶5} It is from the November 26, 2019, judgment of the Richland County Common Pleas Court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT-APPELLANT TO MORE THAN THE MINIMUM SENTENCE.

II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING DEFENDANT TO SIXTY MONTHS PRISON WHEN HIS MAXIMUM EXPOSURE TO PRISON WAS THIRTY-SIX MONTHS.

I.

{¶6} In his first assignment of error, Appellant argues the court abused its discretion in sentencing him to the maximum term of incarceration of sixty months.

{¶7} We review felony sentences using the standard of review set forth in R.C. 2953.08(G)(2), which provides in pertinent part:

(2)The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. **The appellate court's standard for review is not whether the sentencing court abused its discretion.** The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b)That the sentence is otherwise contrary to law (emphasis added).

{¶8} A trial court's imposition of a maximum prison term is not contrary to law as long as the court sentences the offender within the statutory range for the offense, and in so doing, considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Kinser*, 5th Dist. Muskingum No. CT2019-0089, 2020-Ohio-3881, ¶ 10, *citing State v. Santos,* 8th Dist. Cuyahoga No. 103964, 2016-Ohio-5845, ¶ 12. Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. *Id.* R.C. 2929.12 does not require the trial court to state on the record it has considered the statutory criteria concerning seriousness and recidivism. *State v. Hayes*, 5th Dist. Knox No. 18CA10, 2019-Ohio-1629, ¶49.

{¶9} At the sentencing hearing, the trial court indicated it had reviewed the presentence investigation report, as well as letters sent to the court on Appellant's behalf. Dr. Bob Stinson, a forensic psychologist, and Appellant's pastor both spoke on Appellant's behalf.

{¶10} The trial court stated at the sentencing hearing it had considered the purposes and principles of sentencing under R.C. 2929.11. The trial court found the injury

was exacerbated by the victim's age, and she was abused by an adult she trusted.  Sent. Tr. 44.  The trial court found what happened to the victim would never be erased, and she would deal with this offense for the rest of her life.  Sent. Tr. 45.  The court found Appellant held a position of trust to the victim.  *Id.*  Appellant was a trusted neighbor and was permitted to be around the victim when his own daughter babysat the victim, giving him access and the opportunity for abuse.  *Id.*  The court found none of the less serious factors set forth in the statute existed in the instant case.  *Id.*

{¶11} The trial court further noted some of the recidivism factors applied to Appellant.  Appellant had a history of criminal convictions, although he had no prior felony convictions.  Sent. Tr. 46.  Although Appellant said he was sorry, the trial court stated it did not "see a lot of remorse other than that."  *Id.*

{¶12}  Based on the foregoing, we find the trial court considered the purposes and principles of sentencing (R.C. 2929.11) as well as the factors that the court must consider when determining an appropriate sentence. (R.C. 2929.12). Although not required to do so, the trial court set forth its reasons for the maximum sentence on the record. While Appellant may disagree with the weight given to these factors by the trial judge, Appellant's sentence was within the applicable statutory range, and we find no basis for concluding the sentence is contrary to law.

{¶13}  The first assignment of error is overruled.

II.

{¶14}  In his second assignment of error, Appellant argues the trial court erred in sentencing him to 60 months incarceration because his maximum exposure was a sentence of 36 months.

**{¶15}** Appellant argues his maximum sentence was limited to 36 months incarceration based on R.C. 2907.05(C):

(2) Gross sexual imposition committed in violation of division (A)(4) or (B) of this section is a felony of the third degree. Except as otherwise provided in this division, for gross sexual imposition committed in violation of division (A)(4) or (B) of this section there is a presumption that a prison term shall be imposed for the offense. The court shall impose on an offender convicted of gross sexual imposition in violation of division (A)(4) or (B) of this section a mandatory prison term, as described in division (C)(3) of this section, for a felony of the third degree if either of the following applies:

(a) Evidence other than the testimony of the victim was admitted in the case corroborating the violation;

(b) The offender previously was convicted of or pleaded guilty to a violation of this section, rape, the former offense of felonious sexual penetration, or sexual battery, and the victim of the previous offense was less than thirteen years of age.

(3) A mandatory prison term required under division (C)(2) of this section shall be a definite term from the range of prison terms provided in division (A)(3)(a) of section 2929.14 of the Revised Code for a felony of the third degree.

{¶16} Appellant acknowledges R.C. 2929.14(A)(3)(a) provides for a sentence of up to 60 months for a violation of R.C. 2907.05(B). However, he argues R.C. 2907.05(C)(3) only refers to R.C. 2929.14 if the conditions of a prior conviction and corroborating evidence is met. Therefore, he argues the maximum sentence is 36 months, which is the maximum sentence for a third degree felony which is not sex-related. We disagree.

{¶17} In discussing the constitutionality of the corroboration requirement, the Ohio Supreme Court explained, "Pursuant to R.C. 2907.05(C)(2)(a), the court shall impose a mandatory prison term when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." *State v. Bevly*, 142 Ohio St.3d 41, 2015-Ohio-475, 27 N.E.3d 516, ¶ 8. By its plain language, R.C. 2907.05(C)(2) distinguishes when the prison term for violation of R.C. 2907.05 is mandatory, and when there is a mere presumption in favor of prison. Pursuant to R.C. 2929.14(A)(3)(a), a 60 month sentence is within the statutory range for a violation of R.C. 2907.05, whether a prison sentence is mandatory or presumptive. We find nothing in R.C. 2907.05(C), which governs when a prison sentence is mandatory as opposed to merely presumptive, alters the maximum sentence the trial court could impose in the instant case.

**{¶18}**  The second assignment of error is overruled.

**{¶19}**  The judgment of the Richland County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur