[Cite as *State v. Spears*, 2023-Ohio-187.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| LANDON SPEARS, | : | Case No. 2021 CA 00030 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Fairfield County
                                   Court of Common Pleas, Case No.
                                   2021CR0152


JUDGMENT:                          Vacated and Remanded


DATE OF JUDGMENT:                  January 20, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

R. KYLE WITT                              BRIAN A. SMITH
Fairfield County Prosecuting Attorney     123 Miller Road
239 West Main Street, Suite 101           Fairlawn, Ohio 44333
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}    Landon Spears appeals the verdict of the Fairfield County Court of Common Pleas finding him guilty of Involuntary Manslaughter, a first degree felony in violation of R.C. 2903.04, a three-year firearm specification related to that charge and Aggravated Robbery, a first degree felony in violation of R.C. 2911.01(A)(1) and the imposition of a cumulative prison term of 16 to 21 years. The State of Ohio is Appellee.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    Landon Spears was alleged to be a delinquent child as the result of allegedly committing Aggravated Murder (two counts), Murder and Aggravated Burglary (five counts). Appellee sought an order to transfer the matter to the Fairfield County Common Pleas Court. Spears was bound over to the Common Pleas Court and indicted with the same list of charges, but as an adult.

{¶3}    The facts underlying the offenses are unnecessary for the resolution of this appeal and are omitted.

{¶4}    Spears and Appellee entered into a negotiated plea agreement where Spears plead guilty to Count One after it was amended to Involuntary Manslaughter, as well as Specification One to that charge and Count Eight, Aggravated Burglary, as charged. The balance of the charges were dismissed. The text of the charges and specifications before the amendment to Count One is:

COUNT ONE - AGGRAVATED MURDER, UF:

On or about January 26, 2021, at the County of Fairfield, State of Ohio or

venue being properly placed there pursuant to § 2901.12(H), aforesaid,

Landon Allen Spears, unlawfully did purposely cause the death of H.M.T.

while committing, or attempting to commit, or while fleeing immediately after committing or attempting to commit the offense of Aggravated Robbery and/or Robbery and/or Aggravated Burglary and/or Burglary and/or Trespass in a Habitation When a Person is Present or Likely to be Present in violation of § 2903.01(B), 2929.02(A) of the Ohio Revised Code.

SPECIFICATION ONE TO COUNT ONE - § 2941.145(A)

It is further specified that Landon Allen Spears had a firearm on or about his person or under his control while committing the offense and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense.

* * *

COUNT EIGHT - AGGRAVATED ROBBERY, F1:

And the Jurors of the Grand Jury aforesaid, on their oaths aforesaid, do further present and find, that the said Landon Allen Spears, on or about January 26, 2021, at the County of Fairfield, State of Ohio or venue being properly placed there pursuant to § 2901.12(H), aforesaid, unlawfully did, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon J.A.B. did have a deadly weapon, to wit: a firearm, on or about his person or under his control and either displayed the weapon, brandished it, indicated that he possessed it, or used it in violation of § 2911.01(A)(1), 2911.01(C) of the Ohio Revised Code.

{¶5} The trial court imposed a sentence of ten to fifteen years on Count One, and an additional mandatory three years for the specification to Count One, and a prison term of three years on Count Eight for an aggregate sentence of sixteen to twenty-one years.

{¶6} Appellant filed a delayed appeal after receiving leave from this court and submitted three assignments of error:

{¶7} "I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND-DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

{¶8} "II. THE TRIAL COURT PLAINLY ERRED BY FAILING TO MERGE SPEARS'S OFFENSE OF INVOLUNTARY MANSLAUGHTER AND AGGRAVATED ROBBERY."

{¶9} "III. SPEARS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

{¶10} Spears appellate counsel withdrew from his representation and new counsel was appointed. Spears requested leave to file a supplemental brief with an additional assignment of error and this court granted the motion. Spears submitted a fourth assignment of error:

{¶11} "IV. THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW FOR FAILING TO CONSIDER APPELLANT'S YOUTH AS A FACTOR, AS REQUIRED UNDER R.C. 2929.19(B)(1)(B)."

## ANALYSIS

## I.

{¶12} In his First Assignment of Error, Spears challenges the constitutionality of the Reagan Tokes Act, specifically R.C. § 2967.271, which codified hybrid indefinite prison terms for first- and second-degree felonies. Appellant argues that the Act violates the separation of powers doctrine, the constitutional right to trial by jury, due process and equal protection.

{¶13} Spears arguments regarding the Reagan Tokes Act were presented to this court in *State v. Burris*, 5th Dist. Guernsey No. 21CA000021, 2022-Ohio-1481, *State v. Ratliff*, 5th Dist. Guernsey No. 21CA000016, 2022-Ohio-1372 and *State v. K'marr M. Cooper,* 5th Dist. Coshocton No. 2021 CA 0024, 2022 WL 17169063 and Spears does not present a persuasive argument that our analysis should be amended.

### Violation of Right to Trial by Jury

{¶14} Spears argues that the Department of Rehabilitation and Correction ("DRC") unilaterally conducts fact-finding which may extend an inmate's sentence, and that this violates his right to trial by jury citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

{¶15} In *Apprendi*, a jury convicted the defendant of a gun crime that carried a maximum prison sentence of 10 years. *Id*. However, a judge imposed a longer sentence pursuant to a statute providing him authorization. *Id*. The judge found, by a preponderance of the evidence, that the defendant had committed the crime with racial

bias. *Apprendi* held this scheme unconstitutional. *Id.* "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum," the Court explained, "must be submitted to a jury, and proved beyond a reasonable doubt" or admitted by the defendant. *Id.* at 490. A State may not avoid this restraint on judicial power by simply calling the process of finding new facts and imposing a new punishment a judicial "sentencing enhancement." *Id.,* at 495. "[T]he relevant inquiry is one not of form, but of effect—does the required [judicial] finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 494.

{¶16}  In *Alleyne v. United States,* 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the United States Supreme Court addressed mandatory minimum sentences and the Sixth Amendment. In *Alleyne*, the jury relied on victim testimony of an armed robbery that one of the perpetrators possessed a gun. The trial court relied on the same testimony to determine that either Alleyne or his accomplice brandished a gun. The testimony was the same, but the findings were different. The jury found that Alleyne possessed a gun, but made no finding with regard to whether Alleyne brandished a gun. The court, however determined that the gun was brandished. The Supreme Court reviewed the statutory punishment structure, which included a mandatory minimum sentence of five years if a crime of violence was committed while the offender carried a firearm, seven years if the firearm was brandished, and ten years if the firearm was discharged during the crime. 18 U.S.C. 924(c)(1)(A). The crime was otherwise punishable by a term of imprisonment not exceeding 20 years. 18 U.S.C.1951 (a). The Court held that where facts were not found by a jury that enhanced the mandatory minimum penalty for a crime, the Sixth Amendment was violated. Specifically, "[b]ecause mandatory minimum sentences

increase the penalty for a crime, any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne* at 103. *See, State v. Fort*, 8th Dist. Cuyahoga No. 100346, 17 N.E.3d 1172, 2014-Ohio-3412, ¶ 29. However, the majority in *Alleyne* held:

> In holding that facts that increase mandatory minimum sentences must be submitted to the jury, we take care to note what our holding does not entail. Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial fact-finding, does not violate the Sixth Amendment. See, *e.g., Dillon v. United States*, 560 U.S. 817, 177 L.Ed.2d 271, 130 S.Ct. 2683 "[W]ithin established limits [,]... the exercise of [sentencing] discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts" (emphasis deleted and internal quotation marks omitted)); *Apprendi,* 530 U.S. at 481, 120 S.Ct. 2348 ("[N]othing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute").

*Alleyne*, 570 U.S. at 116. *See also, State v. Salim,* 5th Dist. Guernsey No. 13 CA 28, 2014-Ohio-357, ¶ 19.

{¶17} Under the Reagan Tokes Act the judge imposes both a minimum and a maximum sentence. No judicial fact-finding is required. In Ohio, "trial courts have full

discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.*" State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The Reagan Tokes Act does not permit the DRC to extend a sentence beyond the maximum sentence imposed by the trial court. *Burris* at ¶ 86. "Further, the facts which postpone an inmate's release date are facts found as a result of prison disciplinary proceedings, not the underlying crime." Id.

### Violation of Separate Powers

**{¶18}** "The Ohio Supreme Court has made it clear that when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." *Burris* at ¶ 78, quoting *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18-20 quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 19. This is the scheme established by the Reagan Tokes Law. *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 23. The statute does not permit DRC to act outside of the maximum prison term imposed by the court. *Id.* Accordingly, the Reagan Tokes Act does not violate the separation of powers doctrine.

### Violation of Due Process

**{¶19}** Procedural requirements are minimal in the context of parole. *Burris* at ¶ 59. "[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (citations omitted). Courts have

found the following procedures should be accorded to prisoners in a disciplinary proceeding:

> 1). a prisoner is entitled to a review unaffected by "arbitrary" decision making. *Wolff*, 418 U.S. at 557-558, 94 S.Ct. 2963; (See, Ohio Admin. Code 5120-9-08). 2). Advance written notice of the claimed violation. *Wolff*, 418 U.S. at 563, 94 S.Ct. 2963. (See, Ohio Adm. Code 5120:1-8-12). 3). A written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff,* 418 U.S. at 563, 94 S.Ct. 2963. (See, Ohio Adm. Code 5120-9-08(M); Ohio Adm. Code 5120: 1-11(G)(1)). 4). Prison official must have necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. *Wolff,* 418 U.S. at 566, 94 S.Ct. 2963 (See, Ohio Adm. Code 5120-0-08(E) (3); Ohio Adm. Code 5120-9-08(F)). 5). "Where an illiterate inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Wolff*, 418 U.S. at 570, 94 S.Ct. 2963. (See, Ohio Adm. Code 5120-9-07(H)(1)).

*Burris at* ¶ 65.

**{¶20}** In the case sub judice, the DRC must conduct a hearing to rebut the presumptive release date. *Id.* at ¶ 66. According to R.C. § 2967.271(C) the DRC must determine the applicability of the following factors:

(1)     Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

**{¶21}** The Reagan Tokes Act requires DRC to provide notice of the hearing. R.C. § 2967.271(E). The Ohio Administrative Code sets forth inmate rules of conduct,

disciplinary procedures for violations of the rules, under what circumstances an inmate is transferred to restrictive housing, and procedure for release consideration hearings. Ohio Adm. Code 5120-9-06; Ohio Adm. Code 5120-9-08; Ohio Adm. Code 5120-9-10; Ohio Adm. Code 5120:1-1-11. Therefore, the DRC gives the inmate notice in advance of behavior which may contribute or result to extending their sentence.

**{¶22}** The Reagan Tokes Act provides the inmate an opportunity to be heard. The DRC "shall provide notices of hearings to be conducted under division (C) or (D) of this section in the same manner, and to the same persons, as specified in section 2967.12 and Chapter 2930 of the Revised Code with respect to hearings to be conducted regarding the possible release on parole of an inmate." R.C. § 2967.271(E).

**{¶23}** Therefore, we find the Reagan Tokes Act does not violate Appellant's right to due process.

### Right to Equal Protection

**{¶24}** Spears contends that his right to equal protection was violated. However, we concur with the court in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, 2021 WL 1530036 at footnote 2, appeal allowed, 2021-Ohio-2742, 164 Ohio St. 3d 1403, 172 N.E.3d 165:

> As for the equal protection argument, the fact that prisoners do not receive the full panoply of rights afforded those accused of crimes is not an equal protection violation. *See State ex rel. Bray v. Russell*, 12th Dist. Warren No. CA98-06-068, 1998 WL 778373, 1998 Ohio App. LEXIS 5377 (Nov. 9, 1998). There is a fundamental difference between normal society

and prison society. *Id.* Rules designed to govern those functioning in a free society cannot automatically be applied to the very different situation presented in a prison. Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. *Id.* Furthermore, an equal protection claim arises only when similarly situated individuals are treated differently. In other words, laws are to operate equally upon persons who are identified in the same class. It is axiomatic that the entire Ohio penal system is based upon classifying and treating each felony degree differently.

**{¶25}** We find that Reagan Tokes does not violate Appellant's right to equal protection.

**{¶26}** Spear's First Assignment of Error is overruled.

**II.**

**{¶27}** In his second assignment of error, Spears contends that the trial court erred by failing to merge Spears's offense of Involuntary Manslaughter and Aggravated Robbery. Spears did not object to the failure to merge the offenses before the trial court and therefore seeks to convince this court that the failure to merge the offenses is plain error.

**{¶28}** Spears agreed to enter a guilty plea to one count of Involuntary Manslaughter with a weapon specification and one count of Aggravated Robbery. The Appellee agreed to dismiss the balance of the charges. The trial court found that "[b]y

agreement of the parties and/or based upon an independent inquiry, the Court finds that none of the counts merge." Judgment Entry of Sentence, Aug. 6, 2021, p. 4.

{¶29} The indictment makes clear that the offenses involved harm to different victims. Count One addressed the death of H.M.T. and the Aggravated Burglary was directed at J.A.B. We need not engage in lengthy analysis as it is clear that these offenses are separate and do not merge. "When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 26. *See State v. Merritt,* 5th Dist. Richland No. 2020 CA 0063, 2021-Ohio-2847, ¶ 55 appeal not allowed, 165 Ohio St.3d 1480, 2021-Ohio-4289, 177 N.E.3d 1000, ¶ 55 (Counts one and eight involved different victims from each other and from the counts arising from the discovery of the weapons under the mattress. Therefore, the harm for A.M. and for W.W. is separate and distinct, and Appellant can be convicted of multiple counts.)

{¶30} We find that the record demonstrates that there were separate victims involved in Count One and Count Eight, that the harm to the victims is separate and distinct and that the trial court did not commit plain error by failing to merge the offenses.

{¶31} Spears second assignment of error is denied.

**III.**

{¶32} In his third assignment of error, Spears alleges that he suffered ineffective assistance of counsel as a result of his trial counsel's failure to argue that Reagan Tokes was unconstitutional and to object to the trial court's failure to merge the Involuntary Manslaughter and Aggravated Robbery charges. As we have found that the Reagan

Tokes Act is not violative of the constitution and that the trial court did not err by failing to merge the charges, we find that trial counsel's performance was not deficient and did not lead to prejudice.

{¶33} Spears third assignment of error is denied.

**IV.**

{¶34} In his fourth assignment of error, Spears contends the trial court erred by failing to consider his youth and its characteristics as mitigating factors as required by R.C. 2929.19(B)(1)(b). Spears acknowledges that the trial court made statements that acknowledge some of the elements in the statute, but concludes that "the record shows that the trial court did not consider the remaining factors under R.C. 2929.19(B)(1)(b), such as Spears' 'family and home environment,' 'the way familial and peer pressures may have impacted the offender's conduct,' and '[e]xamples of the offender's rehabilitation, including any subsequent growth or increase in maturity during confinement.' R.C 2929. 19(B)(1)(b)(ii)-(iii), (v)." Appellant's Supplemental Brief, p. 7.

{¶35} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, also, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

{¶36} We have not had the opportunity to consider the application of R.C. 2929.19(B)(1)(b) and the parties have not directed us to any reported decisions applying this Code section. We have not found cases directly on point, but the analysis of the language of R.C. 2929.11 and R.C. 2929.12 provides guidance in the application of R.C. 2929.19(B)(1)(b).

{¶37} Revised Code Sections 2929.11 and 2929.12 direct the trial court to consider specific factors when formulating a sentence for a criminal offense. Under R.C. 2929.11(A) "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Revised Code 2929.12 contains a lengthy list of factors that must be considered "regarding the offender, the offense, or the victim" to determine whether the offender's conduct is more serious or less serious than conduct normally constituting the offense and to determine whether the offender is more or less likely to commit future crimes. Revised Code 2929.19(B)(1)(b) applies only when the offender is under the age of eighteen. The trial court must consider "youth and its characteristics as mitigating factors, and the statute includes a non-exclusive list of five categories of information to be considered. Unlike R.C. 2929.11 and 2929.12, these factors are less related to the offense or the purposes of the Code and are more related to the environmental elements that might impact the offender's behavior of mitigate his responsibility. Despite the differences, all of the sections of Chapter 2929 we have referenced share the absence of any requirement for the trial court to issue an express finding or acknowledgment.

{¶38} In our review of the language of these R.C. 2929.11 and 2929.12, we have held that:

> While trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific findings under any of those considerations. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

*State v. Crawford,* 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18.

{¶39} In a separate case, we concluded that "[a]lthough a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.) *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 17.

{¶40} While precedent does not require the trial court to produce findings, our holdings with regard to R.C. 2929.11 and R.C. 2929.12 require that the "necessary findings can be found in the record," *State v. Taylor*, 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 27, *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 19 or that "the record reflect[ ] that the trial court considered the purposes and

principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code." *State v. Hayes*, 5th Dist. Knox No. 18CA10, 2019-Ohio-1629, ¶ 55. *See State v. Green*, 7th Dist. No. 20 MA 0084, 2021-Ohio-2412, 173 N.E.3d 876, ¶ 63 and *State v. Hughes*, 6th Dist. Wood No. WD-05-024, 2005-Ohio-6405, ¶ 10. The mandate of R.C. 2929.19, that the trial court consider specific factors, is sufficiently similar to the language of R.C. 2929.11 and R.C. 2929.12 to warrant to the same analysis. Consequently, while the trial court need not specify findings regarding the factors listed in R.C. 2929.19(B)(1)(b), we must review the record to determine whether it affirmatively shows the court failed to consider those factors.

{¶41} The present version of R.C. 2929.19(B)(1)(b) was adopted in Sub. S.B. No. 256 and was effective on April 12, 2021. This section of the Code was entirely new and not simply an amendment of a prior version. The relevant language is:

(b) If the offense was committed when the offender was under eighteen years of age, in addition to other factors considered, consider youth and its characteristics as mitigating factors, including:

(i) The chronological age of the offender at the time of the offense and that age's hallmark features, including intellectual capacity, immaturity, impetuosity, and a failure to appreciate risks and consequences;

(ii) The family and home environment of the offender at the time of the offense, the offender's inability to control the offender's surroundings, a history of trauma regarding the offender, and the offender's school and special education history;

(iii)     The circumstances of the offense, including the extent of the offender's participation in the conduct and the way familial and peer pressures may have impacted the offender's conduct;

(iv)     Whether the offender might have been charged and convicted of a lesser offense if not for the incompetencies associated with youth, such as the offender's inability to deal with police officers and prosecutors during the offender's interrogation or possible plea agreement or the offender's inability to assist the offender's own attorney;

(v)     Examples of the offender's rehabilitation, including any subsequent growth or increase in maturity during confinement.

**{¶42}** The trial court ordered completion of a pre-sentence investigation. Revised Code 2947.06 authorizes that court to "direct the department of probation of the county in which the defendant resides, or its own regular probation officer, to make any inquiries and presentence investigation reports that the court requires concerning the defendant."

[T]he officer making the report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant, all information available regarding any prior adjudications of the defendant as a delinquent child and regarding the dispositions made relative to those adjudications, and any other matters specified in Criminal Rule 32.2. Whenever the officer considers it advisable, the officer's investigation may include a physical and mental examination of the defendant. A physical examination of the defendant may include a drug test consisting of a chemical analysis of a blood or urine specimen of the

defendant to determine whether the defendant ingested or was injected with a drug of abuse. If, pursuant to section 2930.13 of the Revised Code, the victim of the offense of which the defendant has been convicted wishes to make a statement regarding the impact of the offense for the officer's use in preparing the presentence investigation report, the officer shall comply with the requirements of that section.

R.C. 2951.03.

**{¶43}** Through these sections of the Ohio Revised Code the trial court has broad authority to gather the necessary information to allow it to consider the factors listed in R.C. 2929.19(B)(1)(b).

**{¶44}** We have reviewed the Pre-Sentence Investigation that is part of the record and find it incomplete. The document contains information identifying Spears, a list of the charges and the identity of the judge and attorneys involved in the case. The report contains a reference to a Juvenile Bind Over and a statement that the Criminal History was completed on June 24, 2021. The report does contain a lengthy section captioned "Information Summaries" comprised of a thorough review of the alleged facts, the investigation and a list of items recovered during the investigation.

**{¶45}** Immediately after the information summary is the caption "Pre-Sentence Investigation Interview Summary" followed by the comment: "The pre-sentence investigation interview has not been completed." Immediately below that comment is the caption "Victim Information Summary" followed by the comment: "The victim information has not been obtained."

**{¶46}** The report contains a list of the people involved in the case, categorized as defendant, arresting/reporting officer, victim and witnesses followed by a criminal history which is limited to the charges filed in this case. The following page is captioned "Application for Community Controls" and beneath that caption is the following:

EDUCATION: No Data

FAMILY HISTORY: No Data

EMPLOYMENT HISTORY: No Data

HEALTH/MEDICAL HISTORY: No Data

COUNSELING/SUBSTANCE ABUSE: No Data

**{¶47}** Next is a chart that presumably would be used to chart the defendant's substance abuse by drug, listing the defendant's first use, frequency of use, date of last use and use at the time of the offense. This chart contains no entries. The report ends with "MISCELLANEOUS INFORMATION: No Data."

**{¶48}** We have reviewed the balance of the record in this case and found no information that could be considered by the trial court to fulfill the obligation imposed by Revised Code 2929.19(B)(1)(b). While the Pre-Sentence Investigation contains a comprehensive description of the facts leading to the charges and the investigation, it does not contain information that could be interpreted as a review of youth and its characteristics and the specific elements listed in R.C. 2929.19(B)(1)(b). While the trial court need not make findings regarding these elements, the facts that must be considered must be in the record for any review to conclude that the trial court considered them.

**{¶49}** We find that the record affirmatively shows that the trial court did not consider the factors listed in R.C. 2929.19(B)(1)(b) because the record lacks any

evidence that could be reasonably interpreted as related to those factors. We find that the failure to consider the elements of that section of the Code renders Spears sentence clearly and convincingly contrary to law and we remand the matter to the trial court for resentencing.

{¶50} Our opinion should not be interpreted as a finding that the record does not support the sentence imposed, but only that the record affirmatively shows that the trial court did not consider all of the factors listed under R.C. 2929.19(B)(1)(b). We express no opinion regarding the length of the sentence imposed by the trial court.

{¶51} Spears' fourth assignment of error is well taken.

{¶52} The sentence imposed by the trial court is vacated and the matter remanded to the trial court for resentencing after consideration of all relevant factors, including those listed in R.C. 2929.19(B)(1)(b).

By: Baldwin, J.

Wise, Earle, P.J. and

Wise, John, J. concur.