[Cite as *State v. Wallace*, 2024-Ohio-1393.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO                          :
                                       :
    Appellee                           :    C.A. No. 2023-CA-53
                                       :
v.                                     :    Trial Court Case No. 22-CR-0499
                                       :
TREVAUGHN WALLACE                      :    (Criminal Appeal from Common Pleas
                                       :    Court)
    Appellant                          :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on April 12, 2024

. . . . . . . . . . .

MICHAEL R. PENTECOST, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

**{¶ 1}** Defendant-Appellant Tre Vaughn Wallace appeals from his conviction in the Clark County Court of Common Pleas after he was found guilty of three counts of felonious assault and sentenced to an aggregate prison term of 22 to 26 years. For the reasons that follow, the judgment of the trial court will be affirmed.

**I.      Facts and Procedural History**

{¶ 2} In the early morning hours of January 15, 2022, Wallace, along with several others, fired guns into the house at 704 York Street in Springfield. Three people were struck by bullets during the drive-by shooting, including a 13-year-old boy who was shot eight times while asleep in his bed. The child survived, but even after multiple surgeries, he was left with bullet fragments still in his body.

{¶ 3} Juvenile charges were originally brought against Wallace, who was 17 at the time of the shooting, but after a probable cause hearing, the juvenile court found him to not be amenable to rehabilitation in the juvenile justice system and transferred the case to the general division of the common pleas court to be tried as an adult. On June 13, 2022, Wallace was indicted on one count of improperly discharging a firearm at or into a habitation – a second degree felony (Count 1); one count of discharge of a firearm on or nearby a prohibited premises – a third degree felony (Count 2); three counts of felonious assault – second degree felonies (Counts 3, 4, 5); one count of improperly handling a firearm in a motor vehicle – a fourth degree felony (Count 6); and having weapons while under disability – a third degree felony (Count 7). Several of the counts had attendant firearm specifications.

{¶ 4} Wallace reached a plea agreement with the State. He agreed to plead guilty to the three counts of felonious assault, to testify truthfully against his co-defendants, and to submit to a presentence investigation; in exchange, the State agreed to dismiss the remaining counts and specifications. After he testified against a co-defendant, the matter proceeded to sentencing on September 1, 2023. Wallace, his attorney, and the State gave oral statements regarding sentencing; the trial court then sentenced Wallace to

indefinite terms of 7 to 10½ years on Count 3, 8 to 12 years on Count 4, and 7 to 10½ years on Count 5, to be served consecutively for a total of 22 to 26 years in prison.

{¶ 5} Wallace has filed a timely appeal raisng a single assignment of error.

## II.      Prison Term

{¶ 6} In his assignment of error, Wallace argues that "the trial court's aggregate sentence of 22 to 26 years imprisonment was not clearly and convincingly supported by the record."

{¶ 7} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it " 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 8} According to the Ohio Supreme Court, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and R.C. 2929.12. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 9} In this case, Wallace concedes that his sentences were not contrary to law

as they were within the statutory range. Although the trial court did not mention at the disposition that it had considered the principles and purposes of sentencing (R.C. 2929.11) and the seriousness and recidivism factors (R.C. 2929.12), it did make that finding in its judgment entry. Wallace also does not contest the validity of consecutive sentences, as the trial court made the requisite findings for imposing such sentences. Instead, Wallace's chief argument relates to his age. He asserts that his age was not adequately considered by the trial court and should have been given more weight in mitigation. He also avers that "the record, particularly when considered in light of his youthful age, does not support the trial court's aggregate sentence of 22 to 26 years imprisonment[.]"

{¶ 10} In 2021, the legislature enacted R.C. 2929.19(B)(1)(b), which requires the trial court to consider additional mitigating factors when the offender was under 18 at the time the crime was committed. The statute reads, in relevant part:

At the sentencing hearing, the court, before imposing sentence, shall [consider] * * *

* * *

(b) if the offense was committed when the offender was under eighteen years of age, in addition to other factors considered, consider youth and its characteristics as mitigating factors, including:

(i) The chronological age of the offender at the time of the offense and that age's hallmark features, including intellectual capacity, immaturity, impetuosity, and a failure to appreciate risks and

consequences;

(ii) The family and home environment of the offender at the time of the offense, the offender's inability to control the offender's surroundings, a history of trauma regarding the offender, and the offender's school and special education history;

(iii) The circumstances of the offense, including the extent of the offender's participation in the conduct and the way familial and peer pressures may have impacted the offender's conduct;

(iv) Whether the offender might have been charged and convicted of a lesser offense if not for the incompetencies associated with youth, such as the offender's inability to deal with police officers and prosecutors during the offender's interrogation or possible plea agreement or the offender's inability to assist the offender's own attorney;

(v) Examples of the offender's rehabilitation, including any subsequent growth or increase in maturity during confinement.

R.C. 2929.19(B)(1)(b)(i)-(v).

{¶ 11} We very recently addressed this issue in *State v. Bryant*, 2d Dist. Miami No. 2023-CA-17, 2024-Ohio-1192. In that case, we concluded that "while the trial court need not specify findings regarding the factors listed in R.C. 2929.19(B)(1)(b), we must review the record to determine whether it affirmatively shows the court failed to consider those factors." *Bryant* at ¶ 36, citing *State v. Spears*, 2023-Ohio-187, 205 N.E.3d 1261, ¶ 40

(5th Dist.). In short, "our review is limited to whether the record affirmatively demonstrates that the court failed to consider the R.C. 2929.19(B)(1)(b) factors." *Id.* at ¶ 37.

{¶ 12} Here, the only mention of Wallace's youth at the disposition (by any party) was a brief recitation of his juvenile record by the court. The rest of the record, though, contained indications of Wallace's youth. The court noted that it had considered the PSI, which contained information about Wallace's social, family, education, and health history. Among other things, the report recounted the death of his mother, drug use, the fact that he dropped out of high school after the ninth grade, and that he had two young children. The trial court also had two forensic evaluations which gave detailed analyses of Wallace's mental health, intellectual capacity, and maturity, as well as the juvenile court's findings on amenability. Based on documents in possession of the trial court, it cannot be said that the record affirmatively demonstrates that the court failed to consider the R.C. 2929.19(B)(1)(b) factors.

{¶ 13} Having found that the sentences were not contrary to law and that the record does not affirmatively show the trial court failed to consider the necessary factors, Wallace's assignment of error is overruled.

### III. Conclusion

{¶ 14} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.