[Cite as *State v. Spears*, 2024-Ohio-2384.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 23CA17 |
| | : | |
| LANDON SPEARS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Fairfield County Court
of Common Pleas, Case No.
2021CR00152


JUDGMENT:    AFFIRMED


DATE OF JUDGMENT ENTRY:    June 21, 2024


APPEARANCES:

For Plaintiff-Appellee:    For Defendant-Appellant:

R. KYLE WITT    ERIC W. BREHM
FAIRFIELD CO. PROSECUTOR    100 East Main St.
239 West Main St., Suite 101    Columbus, OH 43215
Lancaster, OH 43130

*Delaney, P.J.*

{¶1}  Appellant Landon Spears appeals from the March 29, 2023 Judgment Entry of Sentence of the Fairfield County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  This case arises from a remand for resentencing.

{¶3} A complete statement of the facts underlying appellant's convictions and sentencing upon one count of involuntary manslaughter, one count of aggravated robbery, a firearm specification, and a forfeiture specification may be found at our decision at *State v. Spears*, 5th Dist. No. 2021 CA 00030, 2023-Ohio-187, 205 N.E.3d 1261 ("*Spears I*"). In that case, we overruled three assignments of error, but agreed with appellant that the trial court did not consider all of the factors listed under R.C. 2929.19(B)(1)(b) requiring it to "consider youth and its characteristics as mitigating factors" in sentencing. *Id.*, ¶ 37.

{¶4} Appellant was resentenced by the trial court on March 24, 2023, with appellee recommending the same 17-year prison sentence and appellant requesting that the trial court consider his youth in imposing a sentence at the lower end of the specified range.

{¶5}  The trial court thereupon imposed a total aggregate definite minimum prison term of 16 years and a maximum indefinite prison term of 21 years.

{¶6} Appellant appeals from the trial court's Judgment Entry of Sentence of March 29, 2023.

{¶7}  Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶8} "THE TRIAL COURT'S RESENTENCING OF APPELLANT WAS CONTRARY TO LAW FOR FAILING TO CONSIDER APPELLANT'S YOUTH AS A FACTOR, AS REQUIRED UNDER R.C. 2929.19(B)(1)(B)."

**ANALYSIS**

{¶9} Appellant argues that because the trial court imposed the same sentence upon resentencing after remand, it failed to properly consider his youth as a factor. We disagree.

{¶10} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

{¶11} In *Spears I,* we looked to the language of R.C. 2929.11 and R.C. 2929.12 for guidance in the application of R.C. 2929.19(B)(1)(b). *Id.,* 2023-Ohio-187, ¶ 36. Appellant was age 16 at the time of committing the offenses, and R.C. 2929.19(B)(1)(b) applies when the offender is under the age of eighteen. The trial court must consider youth and its characteristics as mitigating factors, and the statute includes a non-exclusive list of five categories of information to be considered. Unlike R.C. 2929.11 and 2929.12, these factors are less related to the offense or the purposes of the Code, and

are more related to environmental factors that might impact the offender's behavior or mitigate his criminal responsibility. The trial court is not required to issue an express finding or acknowledgment of the factors. *Spears I*, 2023-Ohio-187, ¶ 37.

{¶12} While precedent does not require the trial court to make explicit findings, our holdings with regard to R.C. 2929.11 and R.C. 2929.12 require that the "necessary findings can be found in the record." *Spears I*, 2023-Ohio-187, ¶ 38, citing *State v. Taylor*, 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 27; *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 19. In the absence of findings, the record must "reflect[ ] that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code." *Id.,* citing *State v. Hayes*, 5th Dist. Knox No. 18CA10, 2019-Ohio-1629, ¶ 55, additional citations omitted. The mandate of R.C. 2929.19 is sufficiently similar to the language of R.C. 2929.11 and R.C. 2929.12 to warrant to the same analysis. *Spears I*, 2023-Ohio-187, ¶ 40. Consequently, while the trial court need not specify findings regarding the factors listed in R.C. 2929.19(B)(1)(b), we must review the record to determine whether it affirmatively shows the court failed to consider those factors. *Id.*

{¶13} R.C. 2929.19(B)(1)(b) states in pertinent part:

> (b) If the offense was committed when the offender was under eighteen years of age, in addition to other factors considered, consider youth and its characteristics as mitigating factors, including:
>
> (i) The chronological age of the offender at the time of the offense and that age's hallmark features, including intellectual

capacity, immaturity, impetuosity, and a failure to appreciate risks and consequences;

(ii) The family and home environment of the offender at the time of the offense, the offender's inability to control the offender's surroundings, a history of trauma regarding the offender, and the offender's school and special education history;

(iii) The circumstances of the offense, including the extent of the offender's participation in the conduct and the way familial and peer pressures may have impacted the offender's conduct;

(iv) Whether the offender might have been charged and convicted of a lesser offense if not for the incompetencies associated with youth, such as the offender's inability to deal with police officers and prosecutors during the offender's interrogation or possible plea agreement or the offender's inability to assist the offender's own attorney;

(v) Examples of the offender's rehabilitation, including any subsequent growth or increase in maturity during confinement.

{¶14} The issue posed by the instant case is whether the record affirmatively shows that the trial court considered the R.C. 2929.19(B)(1)(b) factors. *Spears I*, 2023-Ohio-187, ¶ 49. Contrary to appellant's assertion, the mere fact that he received the same aggregate sentence does not imply that the trial court did not properly consider his youth in mitigation upon resentencing. In *Spears I,* we expressed no opinion regarding the

length of the sentence and specified our opinion should not be interpreted as a finding that the record did not support the sentence imposed. *Id.*, at ¶ 50.

{¶15} The trial court was thorough in its review of the statutory factors at the resentencing hearing. The record indicates the trial court based its sentence on the following: the court record; appellant's statement to Detective Humbert at the Lancaster Police Department on January 26, 2021, in which he admitted his role in the charged offenses; the entire record of the case proceedings in the Juvenile Court; the entry signed and adopted by the Juvenile Court in which appellant was found competent to stand trial; a psychological evaluation by Dr. Robin Rippeth, Doctor of Psychology, upon direction by the Fairfield County Juvenile Court; the March 22, 2023 post-arraignment report prepared by the Intake Officer of the Fairfield County Juvenile Court; the purposes of sentencing established in state law and the overriding purposes of felony sentencing; seriousness and recidivism factors; and victim input via the transcript of the first sentencing hearing. T. 12-14.

{¶16} The trial court further noted it was considering the factors set forth in R.C. 2929.19(B)(1)(b) relating to youth and its characteristics. T. 14-16. In applying the youth sentencing factors, the trial court noted appellant was age 16 at the time of the offenses and individuals of that age may not appreciate the risks and consequences of their actions to the extent of a mature adult. Further, individuals of that age tend to act impulsively and "follow the crowd," without the level of maturity and self-control an adult would exhibit. The trial court noted Dr. Rippeth's competency report cited supra detailed appellant's family, home, and school environments. T. 17.

{¶17} Specific to appellant, the trial court noted at the time of the offenses, he was in 10th grade at the Success Center with an individualized education plan (IEP) due to reading-comprehension concerns. Appellant was described as a model student who was meeting the goals of his IEP. He never reported being physically, mentally, or sexually abused. Appellant did report using alcohol weekly and smoking marijuana daily since age 11. Appellant was not formally diagnosed with ADHD, but was diagnosed with "unspecified disruptive impulse control and conduct disorder" for which he received counseling. Dr. Rippeth opined appellant functioned in the borderline of intellectual functioning but was noted to have not put forth his best effort on the intelligence quotient. Appellant was aware of the plan to invade the residence where 16-year-old John Doe would be found for the deliberate purpose of obtaining drugs and money. Appellant knew his co-conspirator had a firearm. Appellant knew his role was to act as the "bag man" regarding stolen property. Upon entering the home, appellant was aware a shot was fired, but nevertheless proceeded to a rear bedroom where he stole money and drugs; he saw that John Doe was shot, but left the house without seeking help. The trial court found appellant acted intentionally and deliberately, and was not forced or coerced into participating in the home invasion. T. 22.

{¶18} The trial court further found there was no evidence in the record that appellant could have been charged with or convicted of a lesser offense, and there was no evidence appellant was not capable of assisting his attorney with his defense. Finally, neither the Fairfield County Sheriff nor the Ohio DRC brought any rehabilitation efforts to the trial court's attention during the time appellant was incarcerated. T. 23.

{¶19} Appellee notes appellant was initially charged with aggravated murder, a life-tail offense, but resolved the case with a negotiated plea agreement whereby he entered guilty pleas to involuntary manslaughter and aggravated burglary with a definite sentence of 16 years (plus the indefinite Regan Tokes tail). We are able to conclude from the record that appellant's youth and its touchstone factors were major factors in the plea agreement and that the trial court considered those mitigating factors in accepting the plea agreement and arriving at an appropriate sentence.

{¶20} After remand and resentencing, therefore, we have reviewed the record in this case and conclude the trial court fulfilled the obligation imposed by R.C. 2929.19(B)(1)(b) and we can discern from the record that the trial court adequately considered youth and its characteristics in mitigation of appellant's sentence. Appellant's sole assignment of error is therefore overruled.

## CONCLUSION

{¶21} Appellant's sole assignment of error is overruled and the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.